UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

WASHINGTON TOXICS COALITION, et al.,

Plaintiffs,

v.

ENVIRONMENTAL PROTECTION AGENCY, et al.,

Defendants.

CASE NO. C01-0132C

ORDER

This matter comes before the Court on the Plaintiffs' renoting (Dkt. No. 339) of their Motion For Further Action by Defendant Environmental Protection Agency to Implement January 22, 2004 Order (Dkt. No. 300). Having reviewed the materials submitted by the parties and determined that oral argument is not necessary, the motion is GRANTED IN PART and DENIED IN PART for the reasons set forth below.

I.   BACKGROUND

In its January 22, 2004 Order ("January Order"), the Court ordered EPA to take the following actions: (1) notify retailers that they are to make the mandatory point of sale notification whenever products containing the Urban Pesticides are sold in the Urban Areas subject to the January Order; (2) inform registrants, states, certified applicators, and licensed pesticide dealers of the Court's past orders in

ORDER – 1

this action and of January Order's injunction; (3) instruct registrants to inform pesticide distributors, wholesalers, retailers, brokers, dealers, and others in privity with them of the January Order's injunction ; and (4) instruct states to inform registrants, certified applicators, and licensed pesticide dealers of the January Order's injunction.

In its March 2004 Status Report, EPA described the actions it was taking to fulfill these requirements. (Dkt. No. 246.) To satisfy the requirement that it notify retailers of the mandatory point of sale notification, EPA published a notice in the Federal Register in March 2004 ("March Notice"). *See* 69 Fed. Reg. 13,836, 13,838 (March, 24, 2004). The March Notice stated that retailers in the affected Urban Areas "are to make the point of sale notification whenever pesticide products containing these active ingredients are sold" and directs retailers to www.pestfacts.org for additional copies of the point of sale notification. *Id.* EPA sent this notice, via email, to over 4,000 interested persons who are members of an EPA list-serve.[1] (Dkt. No. 246.) To complete the second, third, and fourth required actions, EPA published a second notice in the Federal Register in February 2004 ("February Notice"). *See* 69 Fed. Reg. 7,478 (Feb. 17, 2004). The February Notice informed registrants, states, certified applicators, and licensed pesticide dealers of the Court's previous orders in this action; instructed registrants to make pesticide distributors, wholesalers, retailers, brokers, dealers, and others in privity with them aware of the January Order's injunction; and instructed states to inform registrants, certified applicators, and licensed pesticide dealers of the January Order's injunction. *Id*.

In addition to completing these required actions, EPA voluntarily created a website that provides information about the January Order. Washington Toxic Coalition Endangered Species Protection Case, http://www.epa.gov/espp/wtc/ (last visited Oct. 7, 2005). This site hosts copies and summaries of the Court's orders, an interactive mapping system to help the public understand what waters are "Salmon

---

[1] Pursuant to the requirements of the January Order, Intervenor-Defendant CropLife mailed a cover letter and copies of the point of sale notification to retailers in Urban Areas that sell lawn and garden products.

ORDER – 2

1  Supporting" under the January Order, a question-and-answer section, the relevant Federal Register
2  notices, a printable version of the point of sale notification, and a list of the active ingredients that are
3  subject to the January Order. *Id.*

4  On July 1, 2004, Plaintiffs filed the Motion for Further Action by EPA to Implement the January
5  Order. Plaintiffs requested that the Court order EPA to take four actions to implement the January
6  Order: (1) notify retail establishments of the point of sale notification requirements by mail; (2) send a
7  comparable notice directly to registrants and instruct registrants to make pesticide distributors,
8  wholesalers, retailers, brokers, dealers, and others in privity aware of the requirements; (3) provide an
9  electronic version of the point of sale notification and an easily accessible, clear description of the
10 notification requirements on the agency's website; and (4) publish another Federal Register notice that
11 describes the point of sale notification requirements and directs the public to the EPA website for copies
12 of the notification. (Pls.' Mot. for Further Action 9–10.) Additionally, Plaintiffs requested that the Court
13 order EPA to (1) inform retailers and registrants of the particular pesticide products covered by the
14 January Order's posting requirements, and (2) consult with Plaintiffs in the development of the notices
15 and materials before they are distributed. (*Id.* at 10.)

16 By Minute Order on December 23, 2004 (Dkt. No. 315) the Court deferred ruling on Plaintiffs'
17 motion until the Ninth Circuit rendered its decision in pending appeals from the January Order. The
18 Ninth Circuit affirmed the Court's January Order on June 29, 2005. *Wash. Toxics Coal. v. EPA*, 413
19 F.3d 1024 (9th Cir. 2005). Plaintiffs then renoted this motion for September 16, 2005 (Dkt. No. 339)
20 with only one change: Plaintiffs no longer ask that the Court order the EPA to provide an electronic
21 version of the point of sale notification and an easily accessible, clear description of the notification
22 requirements on the agency's website. (Renoting of Pls.' Mots. 2.)

23 //
24 //
25 //
26 ORDER – 3

## II.   ANALYSIS

The Court will address each of the Plaintiffs' four requests in turn.

*A. Notify Retail Establishments by Mail*

Plaintiffs first move the Court to order EPA to notify retailers, by mail, of the point of sale notification requirements. EPA asserts that aside from Federal Register notice publications, the usual and primary way EPA communicates with the public and large groups of retailers is through the EPA website. (Fed. Def.'s Opp'n 6–7.)

Generally, publication of a notice in the Federal Register is legally sufficient to give notice to the public of an agency action. 44 U.S.C. § 1507 (2005) (Except where insufficient in law, publication in the Federal Register is sufficient to give notice of the contents of the document to a person subject to or affected by it.). However, publication in the Federal Register does not serve as notice to persons who are legally entitled to personal notice. *Camp v. U.S. Bureau of Land Mgmt.*, 183 F.3d 1141, 1145 (9th Cir. 1999). The January Order requires EPA to personally notify retailers in the Urban Areas subject to the January Order of the Court's point of sale notification requirements contained in the January Order. Publication in the Federal Register would be sufficient to notify the public of the agency's action; however, the Court has ordered EPA to notify the retailers *personally* of the January Order.

Simply publishing a notice in the Federal Register and on the EPA website does not provide the personal notice to retailers required by the January Order. Additionally, publication of the information on the EPA website is only an effective means of communicating with the relevant retailers if that group is aware that the website exists. The low number of point of sale notifications in retail stores found during informal surveys shows that EPA's efforts to notify retailers have not been sufficient.[2]  Therefore, publication in the Federal Register and on EPA's website alone is insufficient to notify retailers in the

---

[2] Informal surveys conducted by Plaintiffs have found that in the San Francisco Bay Area only two out of the thirty-nine stores visited had point of sale warnings, while three out of thirty-one stores surveyed in the Seattle-Tacoma area had point of sale warnings. (Pls.' Mot. 6.)

ORDER – 4

Urban Areas of the point of sale notification requirements. Accordingly, EPA is ORDERED to notify retail establishments in the Urban Areas subject to the January Order, by mail, of the January Order's mandatory point of sale notification whenever products containing the Urban Pesticides are sold in the Urban Areas subject to the January Order. This mailed notice shall direct retailers to EPA's website, rather than the RISE industry website www.pestfacts.org.

EPA is also ORDERED to include in the notice mailed to retailers a list of the seven active ingredients subject to the posting requirements as well as the pesticide products containing those ingredients. Providing retailers with a list of the products containing the active ingredients in addition to a list of the active ingredients themselves will help retailers identify the products that require a point of sale notification and therefore facilitate the notification of purchasers, without any significant marginal burden being placed on EPA.

*B. Notify Registrants by Mail*

Plaintiffs next ask that the Court order EPA to notify registrants, by mail, of the point of sale notification requirements required by the January Order and to instruct the registrants to make pesticide distributors, wholesalers, retailers, brokers, dealers, and others in privity aware of the requirements. EPA's February Federal Register notice, 69 Fed. Reg. 7,478 (Feb. 17, 2004), was insufficient to comply with the January Order. Similar to the notice provided to retailers, while a Federal Register notice may be legally sufficient, it does not adequately provide pesticide registrants with personal notice. *See Camp*, 183 F.3d at 1145 (Federal Register notice does not serve as notice to persons entitled to personal notice). EPA has not provided any evidence that the registrants received adequate notice of the Federal Register publication simply because the registrants operate in a highly regulated industry. (*See* Fed. Def.'s Opp'n 12.) Finally, EPA will not be substantially burdened by mailing a notice to registrants because EPA is already required to mail a similar notice to retailers under this Order. Therefore, Plaintiffs' request that EPA be ordered to notify registrants by mail is GRANTED.

ORDER – 5

*C. Post Point of Sale Notification and Notification Requirements on EPA Website*

In their original motion, Plaintiffs requested that the Court order EPA to post (1) a clear and easily accessible description of the point of sale notification requirements, and (2) a copy of the notification on the EPA website. However, in Plaintiffs' renoting brief this initial request has been withdrawn, as the EPA website now contains a description of the point of sale requirements and the point of sale notifications. (Renoting of Pls.' Mots. 2.) Plaintiffs' request that EPA be ordered to make these postings on its website is DENIED. However, EPA is ORDERED to *retain* such postings on its website because the Court has ordered EPA to direct retailers to the EPA website in its notices mailed pursuant to this Order.

*D. Publish Another Federal Register Notice*

Plaintiffs also seek an order requiring EPA to publish another Federal Register notice directing the public to EPA's website, rather than to an industry website, for point of sale notifications. While the January Order mandates that EPA notify retailers of the point of sale requirements, the January Order does not require that EPA be the source of that information. Also, the notice EPA mails to retailers pursuant to this Order will direct recipients to the EPA website for information on the point of sale notification requirements. Additionally, the RISE industry website referenced in the March Notice contains information on the point of sale notification and directs visitors to the EPA website. Thus, the main group seeking information about the notifications will be directed to the EPA website without any other notice being published in the Federal Register. Therefore, Plaintiffs' request that EPA be ordered to publish another Federal Register notice directing the public to the EPA website is DENIED.

*E. Consult with Plaintiffs*

To reduce the necessity of further Court action in this matter, the Court ORDERS EPA to consult in good faith with Plaintiffs in the development of the content and form of the notice EPA mails to retailers. Furthermore, the parties are ORDERED to file a joint status report within sixty days of this Order describing the status and results of their consultations.

ORDER – 6

## III. CONCLUSION

For these reasons, the Court GRANTS Plaintiffs' motion IN PART and hereby ORDERS:

1. EPA is ORDERED to notify retailers in the Urban Areas subject to the January 22, 2004 Order, by mail, of that Order's mandatory point of sale notification requirements whenever products containing the Urban Pesticides are sold in the Urban Areas subject to that Order. This mailed notice shall direct retailers to EPA's website, rather than the RISE industry website.

2. EPA is ORDERED to include in the notice mailed to retailers a list of the seven active ingredients subject to the posting requirements *and* the pesticide products containing those ingredients.

3. EPA is ORDERED to notify pesticide registrants by mail of the Court's Orders dated July 2, 2002, July 16, 2003, August 8, 2003, and January 22, 2004, and to instruct registrants to make pesticide distributors, wholesalers, retailers, brokers, dealers, and others in privity with them aware of the January 22, 2004 Order.

4. EPA is ORDERED to retain a description of the point of sale notification requirements and a copy of the notification on the EPA website.

5. EPA is ORDERED to consult with Plaintiffs in the development of the notices the agency mails to retailers and registrants.

6. The parties are ORDERED to file a joint status report with the Court within sixty days of this Order.

Plaintiffs' Motion for Further Action is DENIED in all other respects.

SO ORDERED this 17th day of October, 2005.

/s/ John C. Coughenour
UNITED STATES DISTRICT JUDGE

ORDER – 7