1
2
3
4
5
6
7
8
9

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

10   WASHINGTON TOXICS COALITION, et al.,

11                                    Plaintiffs,                       CASE NO. C01-0132C

12              v.                                                      ORDER

13   ENVIRONMENTAL PROTECTION AGENCY,
     et al.,

14                                    Defendants.

15

16          This matter comes before the Court on the Plaintiffs' renoting (Dkt. No. 339) of their Motion For

17   Clarification that the January 22, 2004 Order's Noxious Weed Exclusion Does Not Authorize

18   Application of the Covered Pesticides Directly into Salmon Supporting Waters (Dkt. No. 304).  Having

19   reviewed the materials submitted by the parties and having determined that oral argument is not

20   necessary, the motion is DENIED for the reasons set forth below.

21          The Court's January 22, 2004 Order ("January Order") (Dkt. No. 224) enjoined, vacated, and set

22   aside EPA's authorization of ground applications of any covered pesticide within 20 yards of Salmon

23   Supporting Waters and of aerial application of any covered pesticide within 100 yards of such waters,

24   subject to certain exceptions.  (Jan. 22, 2004 Order 4–10.)  One such exception is for state-designated

25   noxious weed programs, which provides as follows:

26   ORDER – 1

Use of Pesticides for control of state-designated noxious weeds as administered by public entities, when such control program implements the following safeguards that NMFS routinely requires for such programs:

     a.    application cannot occur within 100 yards of Salmon Supporting Waters;

     b.    Broadcast spraying cannot occur within 20 yards of Salmon Supporting Waters or when wind speeds are greater than five miles per hour;

     c.    Chemical spraying cannot occur within 15 feet of Salmon Supporting Waters or when wind speeds are greater than five miles per hour;

     d.    Only those Pesticides registered by EPA under the Federal Insecticide, Fungicide, and Rodenticide Act ("FIFRA"), 7 U.S.C. §§ 136-136(y), for aquatic application can be used within 15 feet of Salmon Supporting Waters;

     e.    Pesticides cannot be used when precipitation is occurring or is forecast to occur within 24 hours;

     f.    All spraying must be overseen by a certified applicator; and

     g.    For 2,4-D and triclopyr, only the amine forumulation of 2,4-D and triclopyr can be used.

(*Id.* 9–10.)

On July 15, 2004 Plaintiffs filed this motion asking the Court to clarify that this noxious weed exclusion does not authorize the application of any of the covered pesticides directly into Salmon Supporting Waters. (Pls.' Mot. 5.) By Minute Order on December 23, 2004, the Court deferred ruling on Plaintiffs' motion until the Ninth Circuit rendered its decision in pending appeals from the January Order. (Dkt. No. 315.) The Court struck the motion but allowed Plaintiffs to refile following the issuance of a decision by the Ninth Circuit. (*Id.*) On June 29, 2005 the Ninth Circuit affirmed the Court's January Order. *Wash. Toxics Coal. v. EPA*, 413 F.3d 1024 (9th Cir. 2005). Plaintiffs then renoted this motion on September 1, 2005 (Dkt. No. 339).

The exclusion of state-designated noxious weed programs from the buffer requirements in the January Order allows for aquatic application of certain pesticides under limited circumstances. The noxious weed program exception states that, *inter alia*, "Only those Pesticides registered by EPA under [FIFRA], for aquatic application *can be used within* 15 feet of Salmon Supporting Waters." (Jan. 22, 2004 Order, Part III.D.2.d) (emphasis added).) By its nature, aquatic application is done *within* fifteen feet of the water.

ORDER – 2

Clarifying that the January Order does not authorize the aquatic application of the covered pesticides into Salmon Supporting Waters is contrary to the plain language of the noxious weed exclusion, which allows such application of those pesticides registered under FIFRA.  If Plaintiffs' request was granted, none of the covered pesticides could be used to directly combat noxious weeds found in Salmon Supporting Waters. Such a reading would be inconsistent with the noxious weed program exclusion from the general buffer areas prescribed by the January Order.

For these reasons, the Plaintiffs' Motion for Clarification is DENIED.

SO ORDERED this 17th day of October, 2005.

UNITED STATES DISTRICT JUDGE

ORDER – 3